INTERSTATE COMMERCE COMMISSION v. DELAWARE, L. & W. R. CO. et al.

(Circuit Court, N. D. New York. December 3, 1894.)

INTERSTATE COMMERCE COMMISSION—POWER OF COURT OVER ORDERS OF COMMISSION—REHEARING.

Complainant moved for a rehearing, in proceedings to enforce an order of the interstate commerce commission, upon a certificate of the commission stating, in substance, that, in making the order which the court was asked to enforce, the commission did not design to make one so broad as its terms import. *Held,* that the court could not substitute, for an order actually made, one such as the commission might or should have made, or such as the commission intended to, but failed to, make.

Motion for a rehearing upon petition to enforce an order of the interstate commerce commission.

John D. Kernan, for interstate commerce commission.
Frank Loomis, for Delaware, L. & W. R. Co.

WALLACE, Circuit Judge. Upon a certificate of the interstate commerce commission, stating, in substance, that, in making the order which the court is asked in this cause to enforce, the commission did not design to make one so broad as its terms import, the complainant has moved for a rehearing of the cause. The court cannot substitute, for an order actually made, one such as the commission might or should have made, or such as the commission intended to, but failed to, make. This court has no revisory power over the orders of the commission. Its function in a proceeding like this is merely to inquire whether the respondents, the common carriers, have refused or neglected to perform any lawful order or requirement of the commission. It cannot undertake to decide whether the respondents have violated one which the commission might have lawfully made. It is not a violent presumption that if the order had been, in terms, one such as the commission intended to make, the respondents would have contested its propriety, and refused to obey it. But such an issue is not here. As framed, the respondents, in my judgment, were justified in refusing to obey it. It is much to be regretted that the real controversy between the Minnetto Shade-Cloth Company and the respondents is not presented by the application to enforce the order made by the commission, and that the parties have been subjected to the delay and expense of trying an extraneous issue; but the misfortune is not remediable by a rehearing, and a rehearing is therefore denied.