## UNITED STATES v. ROBERTS & OAKE.

### No. 8856.

District Court, N. D. Illinois, E. D.

Nov. 9, 1932.

Mayer, Meyer, Austrian & Platt, of Chicago, Ill., for defendant.

WILKERSON, District Judge.

The docket shows that the motion to dismiss was taken under advisement on June 16, 1929. Leave was given to the parties to file briefs, the last one of which, the reply brief of the United States, was filed on July 5, 1932.

The petition is brought to enforce an order of the Secretary of Agriculture directing the defendant to file a bond in compliance with the requirement of the proviso of the Act of June 5, 1924, making appropriations for the Department of Agriculture. 43 Stat. 460.

The pertinent portion of the Appropriation Act is as follows: "To enable the Secretary of Agriculture to carry into effect the provisions of the Packers and Stockyards Act, approved August 15, 1921, $452,-540: Provided, That the Secretary of Agriculture may require reasonable bonds from every market agency and dealer under such rules and regulations as he may prescribe, to secure the performance of their obligations, and whenever, after due notice and hearing the Secretary finds any registrant is insolvent or has violated any provision of said Act, he may issue an order suspending such registrant for a reasonable specified period. Such order of suspension shall take effect within not less than five days, unless suspended or modified or set aside by the Secretary of Agriculture or a court of competent jurisdiction."

The order of the Secretary of Agriculture is as follows: "It is therefore ordered that Roberts & Oake within fifteen days from receipt of this order execute and thereafter maintain a reasonable bond in the form and amount required by the Secretary of Agri-

culture to suitable trustees to secure the performance of its obligations incurred as such dealer and file with the Secretary of Agriculture a fully executed copy of such bond."

The petition to the court to enforce the order is based upon the provisions of title 3 of the "Packers and Stockyards Act, 1921," 42 Stat. 163, 168 (section 301 et seq. [7 USCA § 201 et seq.]).

A careful study of section 315 of that title (7 USCA § 216), authorizing resort to the courts to compel obedience to orders, leads to the conclusion that, when it is considered in its relation to other sections of the act, it covers only those orders which the Secretary is authorized to make by some other section of title 3.

Among the considerations which lead to that conclusion are the provisions of section 316 (7 USCA § 217), as follows: "For the purposes * * * of this chapter, the provisions of all laws relating to the suspending or restraining the enforcement, operation, or execution of, or the setting aside in whole or in part the orders of the Interstate Commerce Commission, are made applicable to the jurisdiction, powers, and duties of the Secretary in enforcing the provisions * * * of this chapter, and to any person subject to the provisions * * * of this chapter."

The conclusion is re-enforced by the consideration of section 401 of title 4 (7 USCA § 221) covering the requirements for keeping accounts and records. That provision is as follows: "Every packer, stockyard owner, market agency, and dealer shall keep such accounts, records, and memoranda as fully and correctly disclose all transactions involved in his business, including the true ownership of such business by stockholding or otherwise. Whenever the Secretary finds that the accounts, records, and memoranda of any such person do not fully and correctly disclose all transactions involved in his business, the Secretary may prescribe the manner and form in which such accounts, records, and memoranda shall be kept, and thereafter any such person who fails to keep such accounts, records, and memoranda in the manner and form prescribed or approved by the Secretary shall upon conviction be fined not more than $5,000, or imprisoned not more than three years, or both."

There could be no resort to the court under title 3 for the enforcement of an order made against a packer under section 401. Surely Congress did not intend to give any such breadth of meaning to section 315 as would provide one form of procedure under section 401 in the case of a packer and another in the case of a market agency or dealer.

The portions of the Packers and Stockyards Act 1921, providing for petitions to the courts to enforce orders of the Secretary, are copied from the Interstate Commerce Act (49 USCA § 1 et seq.). The long-established rule with reference to such statutes is as follows: "Whatever may be the plenary power of a court of equity to command, at the suit of those who are injured, the performance of any duty arising out of a contract or statutory obligation, the jurisdiction it was exercising here is strictly special and statutory, and is limited, as all special jurisdiction is, to the precise power conferred by the interstate commerce act, which is only to compel obedience to the 'lawful order' of the commission. It has not been granted any broader power to exercise the authority of the commission itself by substituting a new regulation or order of its own, or modifying that which the commission has given. It is purely an auxiliary jurisdiction. Interstate Commerce Commission v. Delaware, L. & W. R. Co. [C. C.] 64 F. 723. The ordinary jurisdiction of the courts is open to any one injured to invoke their more plenary powers, except so far as that of an action at law for damages has been made optional with the cumulative statutory remedy by section 9 of the act. The remedy by bill in equity has not been so restricted, and is yet available; but here, the powers of the commission being administrative, and not judicial, the ancillary and supplemental judicial jurisdiction is necessarily limited to the purpose of its creation, and can go no further than to grant or refuse compulsory obedience to the lawful orders of the commission, and as it makes them." Detroit, G. H. & M. R. Co. v. Interstate Commerce Commission (C. C. A.) 74 F. 803, 841, affirmed 167 U. S. 633, 17 S. Ct. 986, 42 L. Ed. 306.

The rule which limits the exercise of the authority of the courts in matters of this kind to the precise power conferred seems particularly applicable when the injunctive process is invoked as a substitute for criminal proceedings or in aid of the enforcement of administrative regulations such as those here involved.

The proviso of the Appropriations Act does not specifically authorize court injunctions to enforce the requirement of the department as to bonds. It does not refer to

or adopt the provisions of title 3 of the Packers and Stockyards Act as to court injunctions. Giving full effect to the rule that statutes are to be construed in pari materia, we should not impute to Congress the intention that the bureau may resort to the court for an injunction in every dispute about a bond, in the absence of clear and unmistakable language to that effect.

The argument that the proviso of the Appropriations Act is futile unless we assume that Congress intended to authorize the remedy by injunction is not persuasive. If Congress has failed to provide a remedy, in proper form, the courts may not supply it. If the government is correct in the definition which is placed on the term "dealer," section 303 of the Packers and Stockyards Act (7 USCA § 203), taken in connection with the proviso of Appropriations Act, would seem to authorize the making of regulations for the violation of which penalties are provided in appropriate criminal proceedings.

It is not to be overlooked that the order, the enforcement of which is sought by this petition, falls far short of the standard of definiteness and certainty required when the court is asked to enforce an order by injunction. 38 Stat. 738; Southern Pacific Co. v. Colorado Fuel & Iron Co. (C. C. A.) 101 F. 779, 785; Farmers' Loan & Trust Co. v. Northern Pacific Ry. Co. (C. C.) 83 F. 249, 268.

Jurisdiction may not be conferred by agreement for the purposes of a test case as to matters concerning which the court is without power to act. Nor should the court render an advisory opinion upon a question of statutory construction.

The petition will be dismissed for want of jurisdiction.